IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PAUL CRISWELL                                                                                              PETITIONER
REG. #18707-009

v.                                                    2:17CV00039-JJV

GENE BEASLEY,[1] Warden,
FCI Forrest City Medium                                                                       RESPONDENT

## MEMORANDUM AND ORDER

### I.      INTRODUCTION

Petitioner, Paul Criswell, seeks emergency relief through the instant Petition for Writ of Habeas Corpus. (Doc. No.1.) He waived indictment and pleaded guilty to a Superseding Information charging him with possession with intent to distribute methamphetamine. (Doc. No. 11-1 at 5.) For this charge, United States District Judge James M. Moody sentenced Mr. Criswell to thirty-seven months imprisonment, followed by three years of supervised release. (*Id.* at 6.) A change in the law[2] resulted in Mr. Criswell's sentence being reduced to thirty months - but effective November 1, 2015. (*Id.* at 9.) So when Mr. Criswell was actually released, he had served thirty-five months and twenty days. (Doc. 11-1 at 2.) Mr. Criswell now believes this extra five months and twenty days served should be credited toward his present sentence for violating his supervised release. For the reasons set forth below, I find his Emergency Petition for Habeas Corpus Relief

---

[1] Gene Beasley is the current Warden at this facility, and is substituted as the Respondent in this case.

[2] In April 2014, the United States Sentencing Commission, acting pursuant to 28 U.S.C. § 944(o), adopted Amendment 782 to United States Sentencing Guidelines Policy Statement § 1B1.10, effectively reducing - both prospectively and retroactively - the seriousness of many drug offenses by two levels. Amendment 782 also provided that while it was to become effective on November 1, 2014, no person in the custody of the Bureau of Prisons could be released by virtue of the Amendment until November 1, 2015.

1

should be DENIED and this matter be DISMISSED with prejudice.

## II.   ANALYSIS

Understandably, Mr. Criswell wants credit for the five months and twenty days he served beyond his reduced thirty month sentence. He argues, "The Policy[3] is clear and unambiguous that if a prisoner is released late ('past due') because of a court order and is later returned as a supervised release violator, the late release time shall be awarded on the supervised release violator sentence." (Doc. No. 1 at 2.) But Mr. Criswell's authority is outdated and unpersuasive. Amendment 782, by its own terms, has no impact whatsoever on sentences for revocations of supervised release. It states, "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [U.S.S.G. § 1B1.10]. [U.S.S.G. § 1B1.10] does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 comment. (n.7(A)). The United States Court of Appeals for the Eighth Circuit has explained that a supervised release sentence is distinct and statutorily independent from the sentence for the underlying substantive crime in holding:

> The statutory authorization for a term of supervised release is distinct from the authorization for a prison term, so the supervised release term does not have to come out of the maximum prison sentence. *United States v. Work*, 409 F.3d 484, 489 (1st Cir. 2005) ("The supervised release period is an independent element of the sentence. It is not carved out of the maximum permissible time allotted for incarceration under some other criminal statute."). Even where the substantive statute describing the crime authorizes only imprisonment, supervised release may nevertheless be authorized by 18 U.S.C. § 3583 in addition to the maximum prison term. *United States v. Engelhorn*, 122 F.3d 508, 510 (8th Cir. 1997) ("The total time involved in a term of imprisonment and supervised release may exceed the maximum term of incarceration authorized by the substantive federal statute under which a defendant is convicted."); *United States v. Watkins*, 14 F.3d 414, 415 (8th Cir. 1994) (supervised release term properly imposed in addition to statutory maximum term of imprisonment); *United States v. Colt*, 126 F.3d 981, 982-83 (7th Cir. 1997) (defendant who had served seven months in prison was properly sentenced to

---

[3]Mr. Criswell refers to Bureau of Prisons Policy No. 5880-28 (1999), at (c)(2).

additional nine months upon revocation of supervised release, even though substantive statute creating crime only authorized one-year prison term).

*United States v. Postley*, 449 F.3d 831, 833 (8th Cir. 2006).

Unfortunately for Mr. Criswell, by law, he gets no credit for the additional five months and twenty days he served. Accordingly, his Emergency Petition is DISMISSED.

SO ORDERED this 8th day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE